Kirsch, Judge,
dissenting.
I respectfully dissent and would affirm the trial court’s determination.
Acting under its parens patriae power, the State may interfere with parental autonomy when it is “necessary to protect the health and safety of children.” In re V. H., 967 N.E.2d 1066, 1072 (Ind. Ct. App. 2012). The purpose of the CHINS statute is “to help families in crisis—to protect children, not punish parents.” In re S.D., 2 N.E.3d 1283, 1285 (Ind. 2014).
*986 Father did not appear for the fact-finding hearing because he was in jail, awaiting trial on Domestic Battery as a Level 5 felony. The charge was elevated from a Class A misdemeanor because of Father’s 2013 Domestic Battery conviction. Mother was the victim of .the domestic violence in the prior conviction and the complaining witness in the pending charge. In addition to the issues of repeated spousal abuse, Father has been referred for substance abuse treatment on more than one occasion.
D.P.’s family was in a crisis. The trial court appropriately acted to protect the child. Its CHINS adjudication is simply a determination that a child is in need of services and is unlikely to receive those services without the court’s intervention; it is not a determination of parental fault. In re N.E., 919 N.E.2d 102, 105 (Ind.2010).